IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**CHASE CORBIN COLLINS,**

                **Plaintiff,**

    v.                                    CASE NO.08-3238-SAC

**SAM CLINE, et al.,**

                **Defendants.**


**O R D E R**

    This matter is before the court on a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

    *28 U.S.C. § 1915 Motion*

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to

plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee.  Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  *See* Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

---

[1] See Collins v. Daniels, Case No. 08-3212-SAC ($350.00 district court filing fee).

United States and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Having reviewed the complaint, the court finds plaintiff's allegations fail to state any cognizable constitutional claim of constitutional deprivation.

Plaintiff generally states the monthly amount of supplies provided to him as an indigent prisoner is restricted, which impairs his ability to proceed in his pending state court cases. Plaintiff specifically contends defendants are unlawfully impairing his right of access to the courts by ignoring his grievances, by not providing paper, pens, and stamps without cost for drafting and mailing pleadings to the state court, and by arbitrarily and needlessly preventing him from complying with court rules. The three defendants named in the complaint are HCF Warden Sam Cline, and HCF Unit Team Counselors Ellis and Seymour.

On these allegations plaintiff seeks injunctive relief to be provided pens, paper, and envelopes as needed and on credit because he is indigent. Plaintiff also seeks damages for emotional distress caused by his fear of losing his state case.

While a prisoner still retains a fundamental right of access to the courts, <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996), to state a claim for deprivation of this right he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." <u>Id</u>. at 351. Prison officials must provide indigent prisoners reasonable supplies for accessing the courts, <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), but to state an actionable constitutional claim plaintiff must do more than raise a speculative fear that the limited supplies available to him will adversely impact his pending state court

3

cases.  Absent a factual basis for plausibly finding that the lack of supplies actually prevented plaintiff from pursuing nonfrivolous litigation, no actual harm is demonstrated and no claim of constitutional deprivation is presented.  *See e.g.*, Petrick v. Maynard, 11 F.3d 991, 995 (10th Cir. 1993)(noting that "a prisoner must do more than make a mere conclusory allegation of need for unspecified or unlimited materials").  Also, plaintiff is advised that the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus.  *See* Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995).

Likewise, to the extent plaintiff alleges his grievances are ignored, there is no showing that plaintiff suffered any actual prejudice as a result.  A prisoner's right to petition the government for redress clearly implicates the right of access to the courts, but that right is not simply presumed to be compromised by a prison official's refusal or failure to entertain a grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Walters v. Corrections Corp. of America, 119 Fed.Appx. 190, 191 (10th Cir. 2004).  And the failure to adhere to prison grievance procedures does not itself rise to the level of a constitutional violation because there is no entitlement to a grievance procedure under the Federal Constitution.  *See e.g.* Walker v. Michigan Dept. of Corrections, 128 Fed.Appx. 441, 445 (6th Cir. 2005)(collecting cases).

Additionally, plaintiff's claim for damages for emotional

4

distress are clearly barred absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.[3]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of

---

[2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[3]Plaintiff's motions for "summary judgment" are denied. Plaintiff essentially seeks default judgment because defendants have not filed a response to his complaint. Default judgment is not appropriate where the court has not ordered summons to be prepared or served upon any defendant.

the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) once plaintiff's prior fee obligation has been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motions for summary judgment (Docs. 3 and 4) are denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED:  This 4th day of June 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge