```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**CHASE CORBIN COLLINS,**

                    **Plaintiff,**

     **v.**                                      **CASE NO.08-3238-SAC**

**SAM CLINE, et al.,**

                    **Defendants.**

### O R D E R

Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983.

Plaintiff generally claims restrictions on his legal supplies impairs his ability to proceed in pending state court cases. He specifically contends defendants ignore his grievances, do not providing paper, pens, and stamps without cost for drafting and mailing pleadings to the state court, and prevent him from complying with state court rules. Plaintiff seeks injunctive relief to be provided supplies as needed on credit, and damages for emotional distress caused by his fear of losing his state case.

The court reviewed the complaint and directed plaintiff to show cause why this action should not be summarily dismissed because plaintiff's allegations failed to state any cognizable constitutional claim of being denied access to the courts because no plaintiff made no showing of actual prejudice as required by <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996), because plaintiff had no protected liberty interest in receiving responses to his

administrative grievances, and because plaintiff alleged no prior physical injury to support a claim for damages for emotional injury, as required by 42 U.S.C. § 1997e(e).

In response, plaintiff repeats that he is not provided legal indigent supplies, but continues to identify no actual prejudice to his litigation of a nonfrivolous claim. Plaintiff cites a number of cases in support of his claim of being denied access to the courts, but all were decided prior to the actual prejudice requirement imposed by the Supreme Court in <u>Lewis v. Casey</u>. Plaintiff also cites a recent Pawnee County civil case without elaborating its cause of action, and states he was unable to mail a notice of appeal because he was not supplied an envelope, and even if an envelope had been provided it would not have been the proper size for mailing the papers needed to file his appeal. As evidenced by the instant pleading, however, plaintiff is clearly able to send legal mail to the courts, which presumably would include a pleading or correspondence to the state district court seeking assistance in filing a notice of appeal.

To the extent plaintiff contends in his response that he is entitled to responses to his grievances because full exhaustion of administrative grievances is required before he can file an action in federal court, he is mistaken. While plaintiff correctly notes the exhaustion requirement imposed by 42 U.S.C. § 1997e(a) is mandatory, that statute requires only that plaintiff exhaust "available" remedies. Courts have recognized that actions taken by prison officials to deny forms or fail to respond to grievances can render administrative remedies unavailable to the prisoner. *See e.g.*, <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir.

2

2002)(although 42 U.S.C. § 1997e requires inmates to exhaust "available" administrative remedies, the "failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable").

The court thus concludes the instant complaint should be dismissed as stating no viable claim upon which relief can be granted under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 26th day of June 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge